The cases cited for the plaintiff are sound law. (83) The defendant is necessarily discharged of the debt when the sheriff has seized property to the value. By the act of seizure the property is divested out of the defendant until the debt be satisfied and vested in the sheriff, who becomes absolutely answerable for the debt. The defendant is liable to an action of trover or trespass, to be brought by the sheriff as owner, for taking away the goods; and the defendant being once discharged, can never afterwards be charged by any new process, nor can the sheriff's liability be done away by any writ or process issuing *Page 94 
after the seizure. An injunction has no such effect; that is a writ of modern date, in comparison of the rule about the entirety of an execution. Its lawfulness was violently opposed and denied by the common law judges as late as the reign of James I. It is a creature of the court of equity, which has no power to alter any common-law rule nor its operation, and which could never act upon property by any process, but in personam only. Till our act of 1787, ch. 22, sec. 2, our injunction could not affect the property, and can only subject the person who disobeys it to attachment; it cannot in strictness issue to the sheriff, who has the goods by seizure, but to the plaintiff in the action only. The sheriff who has made a seizure cannot legally take notice of an injunction, and must proceed as if none had issued; that is to say, by selling the goods and bringing the money into court. Consequently the defendant should not have redelivered the goods to Walk; and having done so, is liable to the plaintiff's action.